IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MARTIN MICHAEL CASH, JR.                                                                 PLAINTIFF

vs.                                           Civil No. 1:13-cv-01026

CAROLYN W. COLVIN                                                                        DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

  Michael Martin Cash, Jr. ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act.  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**   **Background:**

  Plaintiff protectively filed his disability application on August 2, 2010.  (Tr. 11, 127). Plaintiff alleges being disabled due to autistic disorder, attention deficit hyperactivity disorder (ADHD), anxiety, a significant learning disability, and mood problems.  (Tr. 143).  Plaintiff alleges an onset date of August 2, 2010.  (Tr. 11, 127).  This application was denied initially and again upon reconsideration.  (Tr. 79-80).  Thereafter, Plaintiff requested an administrative hearing on his

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

1

application, and this hearing request was granted. (Tr. 87-92).

On Feburary 22, 2012, this hearing was held in El Dorado, Arkansas. (Tr. 27-78). Plaintiff was present at this hearing and was represented by Lynn Reed. *Id.* Plaintiff, Plaintiff's parents, and Vocational Expert ("VE") Mac Welch testified at this hearing. *Id.* At this hearing, Plaintiff testified he was twenty-one (21) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI). (Tr. 32-33). Plaintiff also testified he had obtained his high school diploma and had completed approximately two years in college and was currently attending college with the career goal of being an actor. (Tr. 33-34).

After this hearing, on April 6, 2012, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 8-22). In this decision, the ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 2, 2010, his application date. (Tr. 13, Finding 1). The ALJ determined Plaintiff had the following severe impairments: autistic spectrum disorder (Asperger syndrome/high functioning variant); attention deficit disorder with hyperactivity; and learning disabilities. (Tr. 13, Finding 2). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13-14, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 14-20, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: the claimant

> would be limited to simple unskilled or semi-skilled work; he can understand, follow, and remember concrete instructions; and his contact with supervisors, co-workers and the general public would need to be superficial, in that he could meet, greet, give simple instructions and directions.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff had no PRW. (Tr. 20, Finding 5). The ALJ then considered whether Plaintiff would be able to perform other work existing in significant numbers in the national economy. (Tr. 20-21, Finding 9). The VE testified at the administrative hearing regarding this issue. *Id.* Considering a hypothetical individual with Plaintiff's RFC, age, work experience, and other limitations, the VE testified such a person could perform the requirements of representative occupations such as (1) file clerk (light, semi-skilled) with approximately 1,200 such jobs in Arkansas, 29,000 such jobs in the regional economy, and 145,000 such jobs in the national economy; (2) janitor (medium, unskilled) with approximately 2,000 such jobs in Arkansas, 150,000 such jobs in the regional economy, and 600,000 such jobs in the national economy; and (3) grocery bagger (medium, unskilled) with approximately 3,500 such jobs in Arkansas, 48,000 such jobs in the regional economy, and 200,000 such jobs in the national economy. (Tr. 21).

Based upon this testimony, the ALJ determined Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 20-21, Finding 9). Because Plaintiff retained the capacity to perform this other work, the ALJ determined he had not been under a disability, as defined in the Act, from August 2, 2010 through the date of the ALJ's decision or through April 6, 2012. (Tr. 21, Finding 10).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable

decision. On January 18, 2013, the Appeals Council denied this request for review. (Tr. 1-3). On March 18, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on March 19, 2013. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 10, 12. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological,

4

or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 10 at 1-20. Specifically, Plaintiff claims the following: (A) the ALJ erred by finding his impairments did not meet the requirements of Listings 12.10, 12.05, and 12.04; (B) the ALJ erred in his RFC determination; and (C) the ALJ erred in failing to send him for a consultative examination to assess his mental limitations. *Id.* The Court will address each of

5

the arguments Plaintiff has raised.[2]

### A.     Evaluation of the Listings

Plaintiff claims his impairments meet the requirements of Listings 12.04, 12.05, and 12.10. ECF No. 10 at 11-17.  In his briefing, however, Plaintiff only specifically outlines the requirements of Listings 12.05 and 12.10 and does not provide any argument on whether his impairments meet the requirements of Listing 12.04.  *Id.*  Thus, the Court will only address these two listings.[3]

Listing 12.05 applies to an "Intellectual Disability" and requires "significantly subaverage general intellectual functioning with deficits in adaptive functioning."  Plaintiff claims he meets the requirements of Listing 12.05.  ECF No. 10 at 11-17.  Plaintiff cites two medical records in support of this claim.  (Tr. 210, 309).  The first record actually finds Plaintiff is within the "[a]verage range of measured intelligence." (Tr. 210).  Thus, this record affirmatively demonstrates Plaintiff does not meet the requirements of Listing 12.05.

The second record addresses Plaintiff's "inattention" and "hyperactivity," but it does not address Plaintiff's level of intelligence.  (Tr. 309).  Plaintiff has the burden of demonstrating his impairments meet the requirements of a given listing.  *See Carlson v. Astrue,* 604 F.3d 589, 593 (8th Cir. 2010) (holding the burden is on the claimant to establish he or she meets all the criteria for a listing).  Here, Plaintiff has not met this burden.  Thus, the Court finds no basis for reversal on this issue.

Listing 12.10 applies to an "Autistic disorder and other pervasive development disorders."

---

[2] However, because Plaintiff raises the same issues with his second (B) and third (C) arguments, the Court will address these together.

[3] Listing 12.04 only applies to "Affective Disorders."  There are several different showings that Plaintiff must make in order to demonstrate he is disabled under Listing 12.04.  Because Plaintiff has not demonstrated (or even argued) that his impairments meet the specific requirements of Listing 12.04, the Court will not address this issue further.

To meet the requirements of Listing 12.10, Plaintiff must provide "[m]edically documented findings" of autism and other "pervasive development disorders," including "[q]ualitative deficits in reciprocal social interaction" and "[q]ualitative deficits in verbal and nonverbal communication and in imaginative activity." Here, again, the only two medical documents Plaintiff references in support of his claim that he meets Listing 12.10 are the following: (1) a report stating he has been diagnosed with "High-Functioning Autism" and (2) a document which gives an overview of Plaintiff's "goals and objectives" for treating his ADHD and autism. (Tr. 210, 309). These documents are not sufficient to meet Plaintiff's burden of demonstrating his impairments meet each one of the specific requirements of Listing 12.10. *See Carlson,* 604 F.3d at 593. Accordingly, the Court also finds no basis for reversal on this issue.

      **B.    Record Development**

Plaintiff claims the ALJ erred in not ordering a consultative examination to assess his level of functioning and IQ. ECF No. 10 at 17-20. With this argument, Plaintiff claims he has not been tested in over ten years, and the ALJ should not have based his opinion upon evidence that is so dated. *Id.* There are two problems with Plaintiff's argument. First, as an initial matter, Plaintiff is incorrect in his claim that the most recent IQ testing is over ten years old. Plaintiff himself references a record in his briefing that is dated September 22, 2008 wherein his IQ was tested, and he was found to be within the "[a]verage range of intelligence" with a 96 composite intelligence index score. (Tr. 210).

Second, in making this claim, Plaintiff is arguing the ALJ did not fully and fairly develop the record. However, for a social security case to be remanded due to an incomplete record, the claimant must demonstrate he or she was prejudiced by the ALJ's failure to order further testing or

7

demonstrate further testing would have changed the ALJ's decision. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (holding "absent unfairness or prejudice, we will not remand"). Here, Plaintiff makes no such argument or showing. ECF No. 10 at 17-20. Accordingly, the Court finds no basis for reversal on this issue.

4.     **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 29th day of January 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE